UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FAITH HALEY,

                              Plaintiff,

           -vs-                                            12-CV-1079JTC

HUGHES NETWORK SYSTEMS, LLC, d/b/a
HUGHESNET, INC.,

                              Defendant.

---

## INTRODUCTION

On November 6, 2012, plaintiff, Faith Haley, filed a complaint alleging the violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). Defendant, Hughes Network, LLC, d/b/a HughesNet, Inc., failed to appear and defend this action, which resulted in the Clerk of the Court entering default on April 2, 2013. Item 7. Presently before the court is plaintiff's motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Item 11. For the following reasons, plaintiff's motion is granted.

## DISCUSSION

**1. Default Judgment Standard**

Before obtaining default judgment, a party must first secure a Clerk's Entry of Default by demonstrating, by affidavit or otherwise, that the opposing party is in default. Fed.R.Civ.P. 55(a). Once default has been entered, the allegations of the complaint

that establish the defendant's liability are accepted as true, except for those relating to the amount of damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

In considering whether to enter default judgment, the court must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment. Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of the default judgment. *See* Fed.R.Civ.P. 55(b)(2). Damages must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation." *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir. 1974). All reasonable inferences from the evidence presented are drawn in the moving party's favor. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

**2. Liability**

As set forth in the complaint, the facts alleged are accepted as true. In approximately August 2012, defendant began placing daily telephone calls to plaintiff's cellular telephone in an attempt to locate plaintiff's daughter, Danielle Haley. Defendant contacted plaintiff's cellular telephone using an automated telephone dialer system ("ATDS") with an artificial or prerecorded voice. Plaintiff has never provided defendant with her telephone number or contact information. On many occasions, plaintiff informed defendant that it had dialed an incorrect number and requested that it cease placing calls to her. Despite this, defendant continued to place telephone calls to plaintiff. Item 1, ¶¶ 7-13.

Plaintiff alleges multiple violations of a single provision of the TCPA. Specifically, plaintiff alleges that defendant violated section 227(b)(1)(A)(iii), which makes it unlawful for

> any person within the United States, or any person outside the United States if the recipient is within the United States ... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call ....

47 U.S.C. § 227(b)(1)(A)(iii). "Thus, to prove that a defendant violated the TCPA in a case involving a cell phone, a plaintiff must establish that (1) the defendant called his or her cell phone, and (2) the defendant did so using an ATDS or an artificial or prerecorded voice." *Levy v. Receivables Performance Mgmt., LLC,* --F.Supp.2d --, 2013 WL 5310166, *5 (E.D.N.Y. September 23, 2013). Plaintiff has sufficiently alleged the violation of section 227(b)(1)(A)(iii) of the TCPA, and liability under the statute is established.

**3. Damages**

A person or entity that successfully establishes a TCPA violation under section 227(b)(1)(A)(iii) may recover its actual monetary loss from the violation or receive $500 in damages for each such violation, whichever is greater. *See* 47 U.S.C. § 227(b)(3)(B). Moreover, if the court finds that the defendant engaged in willful or knowing violations of the TCPA, "the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B)," i.e., three times the actual monetary loss resulting from the violation

or $1500 in damages for each violation, whichever is greater. *See id.* § 227(b)(3). In this case, plaintiff seeks an award of $46,500.00. This amount represents damages of $15,000.00 for the negligent violation of the TCPA on 30 occasions prior to and including September 24, 2012, and $31,500.00 for the willful violation of the TCPA on 21 occasions after September 24, 2012, when plaintiff specifically asked that defendant stop calling her cell phone.

By virtue of the entry of default, defendant is deemed to have admitted the well-pleaded allegations of the complaint, including its placing of non-emergency telephone calls to plaintiff's cellular telephone using ATSD and/or prerecorded or artificial voice technology, without plaintiff's prior consent. In support of the motion for a default judgment, plaintiff has submitted a copy of her cellular telephone log from September 24, 2012 to October 26, 2012, which indicates 20 telephone calls from defendant to plaintiff's cell phone. Item 11-4 ("Exh. A").[1] Plaintiff stated in an affidavit that, in or around the last week of August 2012, defendant began placing daily calls to her cellular telephone. Item 11-3, ¶ 2. From the last week of August until September 24, 2012, defendant placed "as many as 30" calls to her cellular telephone. *Id.,* ¶ 12. On September 24, 2012, she advised defendant that the number it was calling was a cellular number and asked defendant to stop the calls. *Id.,* ¶ 10. Accordingly, the court finds that the violations after September 24, 2012 were willful in that defendant was advised that the number it was calling in an effort to locate plaintiff's daughter was a

---

[1] Plaintiff seeks damages for 21 calls after September 24, 2012, but the telephone log submitted to the court lists only 20 legible calls on and after September 24, 2012, with two calls occurring on September 24, 2012, one of which was not answered and thus could not have been the call in which plaintiff advised the defendant to cease calls to her cellular telephone.

cellular telephone number. Accordingly, the court awards plaintiff $15,000.00 representing 30 negligent violations of the statute prior to and including September 24, 2012, and $27,000.00 representing 18 willful violations of the statute after September 24, 2012, for a total judgment of $42,000.00.

### 4. Attorneys' Fees and Costs

In the complaint, plaintiff sought attorney's fees, but abandoned the request in her motion for default judgment. Absent explicit congressional authorization, attorney's fees are generally not recoverable. *See, e.g., Key Tronic Corp. v. United States,* 511 U.S. 809, 814 (1994). The TCPA makes no provision for attorney's fees or costs. *See Klein v. Vision Lab Telecomm., Inc.,* 399 F.Supp.2d 528, 542 (S.D.N.Y 2005); *J.C. Corp. Mgmt., Inc. v. Resource Bank*, 2005 WL 2206086, at *4 (E.D.Mo. September 12, 2005). Accordingly, the plaintiff is not entitled to an award of attorney's fees.

## CONCLUSION

Accordingly, plaintiff's Motion for Default Judgment (Item 11) is GRANTED. Plaintiff is awarded $42,000.00 for defendant's violations of the TCPA.

So Ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: October 30, 2013
p:\pending\2012\12-1079.oct3.2013